# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 20, 2011

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

142051

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,
v

SC: 142051
COA: 292547
Wayne CC: 08-014892-FC

VALERIE MARIE PARKS,
        Defendant-Appellant.
_____/

On order of the Court, the application for leave to appeal the September 21, 2010 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARILYN KELLY, J. (*dissenting*)

I dissent from the order denying defendant's request for leave to appeal. The application raises a jurisprudentially significant issue regarding the legal implications of the police failing to make an audio or visual recording of a custodial interrogation. This issue has received increased attention nationwide in recent years as more and more states implement some form of electronic recording requirement.

In *Stephan v State*,[1] the Alaska Supreme Court held that a failure to electronically record a custodial interrogation conducted in a place of detention violates a suspect's right to due process under the state constitution. In Alaska, any statement thus obtained is generally inadmissible at trial. However, all other courts that have opined on the issue of whether the failure to record a custodial interrogation violates their state constitution have found it unmeritorious.[2] Among them is our own Court of Appeals.[3] This Court has not yet considered the issue.

Although most courts have concluded that a failure to electronically record police interrogations does not violate their state constitution, many have recognized the benefits

_____

[1] 711 P2d 1156 (Alaska, 1985).

[2] See, e.g., *State v Lockhart*, 298 Conn 537, 557 n 10 (2010) (collecting cases).

[3] *People v Fike*, 228 Mich App 178, 184 (1998).

of such recordings to all parties.[4] Consequently, many states now require them. A few courts have adopted mandatory recording requirements as part of their supervisory powers. They have held that the proper remedy for a violation of that requirement is suppression at trial of the statement made to the police.[5] Other courts imposing a recording requirement have adopted the remedy of a cautionary jury instruction when that requirement is violated.[6] Still other courts that have not yet adopted a recording rule have directed further study on the merits of adopting such a rule.[7]

Several state legislatures have passed statutes requiring electronic recording of police interrogations.[8] In Michigan, the House of Representatives passed a bill requiring electronic recording of interrogations in 2010,[9] but the legislative session ended before the Senate took it up. The Michigan Senate unanimously passed a similar bill in April of this year, and the measure is currently pending in the House.[10]

Given these developments, I would grant defendant's application for leave to appeal. The issue that defendant presents involves legal principles of major significance to this state's jurisprudence. The Court should determine whether, in the exercise of its supervisory powers, it should require that all custodial police interrogations in Michigan be electronically recorded. If so, it should determine the appropriate remedy for a violation of that requirement.

---

[4] See, e.g., *id*. at 188-190 (FITZGERALD, J., concurring).

[5] *State v Scales*, 518 NW2d 587, 592 (Minn, 1994); *State v Barnett*, 147 NH 334, 338 (2001) (a recorded interrogation is inadmissible unless the defendant's statement is recorded in its entirety); *In re Jerrell CJ*, 283 Wis 2d 145 (2005) (juvenile interrogations only).

[6] *Commonwealth v DiGiambattista,* 442 Mass 423, 445-446 (2004); NJ Crim Prac R 3:17.

[7] See, e.g., *Clark v State*, 374 Ark 292, 304 (2008) ("[W]e believe that the criminal justice system will be better served if our supervisory authority is brought to bear on this issue. We therefore refer the practicability of adopting such a [recording] rule to the Committee on Criminal Practice for study and consideration.").

[8] DC Code 5-116.01; 725 Ill Comp Stat Ann 5/103-2.1; Me Rev Stat Ann tit 25, § 2803-B(1)(K); Tex Code Crim Proc Ann art 38.22, § 3; Wis Stat § 972.115.

[9] HB 5763.

[10] SB 152.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 20, 2011

*Corbin R. Davis*

Clerk

p0517